```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF IOWA
                   CENTRAL DIVISION
```

HEATHER CRABBS,                )
                               )   No. 4:09-cv-00519-RAW
        Plaintiff,             )
                               )   RULING ON PLAINTIFF'S
vs.                            )   MOTION FOR EXTENSION OF
                               )   TIME REGARDING EXPERT
WAL-MART STORES, INC.,         )   DESIGNATION AND DEFENDANT
                               )   WAL-MART STORES' MOTION
        Defendant.             )   TO EXCLUDE PLAINTIFF'S EXPERTS

The above resisted motions [14][15] are before the Court. They are decided on the motion papers. LR 7.c.

On December 22, 2010, the amended scheduling order deadline, plaintiff served her designation of expert witnesses. She identified four experts, one of whom, a CPA, will now not testify. The remaining three are physical therapist Mark Blankespoor who treated plaintiff and performed a functional capacity evaluation, and two treating physicians, Drs. Angela Whetro and Robert Major, whose medical records (or releases for them) have been produced to Wal-Mart. On the same day plaintiff identified these experts she sought an extension of time until January 3, 2011 to supplement her designation with the experts' qualifications and reports. Wal-Mart resisted, noting that plaintiff's expert witness disclosure deadline had been extended once before with the understanding the new deadline would be strictly adhered to. On December 29 Wal-Mart filed its motion to exclude plaintiff's experts because plaintiff had not accompanied her designation with the written reports required by Fed. R. Civ. P. 26(a)(2)(B).

For the record, plaintiff's motion to extend the time to January 3, 2011 to supplement her designation with the experts' qualifications and reports will be granted. This does not mean much because as the Court understands it plaintiff still has not supplemented her designation. If the experts identified were subject to the written report requirement of Rule 26(a)(2)(B) it is now long past time. However, the written report requirement is inapplicable. The designated experts are treating health care providers and, according to the affidavit of plaintiff's counsel, are not "retained or specially employed to provide expert testimony," (hereinafter "non-retained" expert) the status which triggers the rule's report requirement.

Rule 26 was amended effective December 1, 2010 to add a new subsection (a)(2)(C) entitled "Witnesses Who Do Not Provide a Written Report." The disclosure for such witnesses must state the subject matter of the expected expert testimony and provide a "summary of the facts and opinions to which the witness is expected to testify." According to the Advisory Committee's notes, the new subdivision is intended to "resolve[] a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses excepted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B)." 2010 Advisory Committee Note to Subdivision (a)(2)(C). The Committee gives "physicians or other health care professionals" as examples

of experts from whom a report is not required. *Id.* As a result of 2010 amendments it is now clear where non-retained treating physicians and other care providers fit in the Rule 26(a)(2) expert disclosure scheme -- under the summary disclosure requirement in Rule 26(a)(2)(C).

Plaintiff's timely designation of Mr. Blankespoor was accompanied by his written functional capacity evaluation, associated test results, physical exam notes, and history. His evaluation report is sufficient to comply with new subdivision (a)(2)(C). His testimony will be limited to the subject matter, facts and opinions incorporated in his evaluation.

Nothing has been disclosed about the testimony of treating physicians Drs. Whetro and Major beyond what appears in the medical records. In its motion Wal-Mart does not object to treating physicians Drs. Whetro and Major testifying about their treatment of the plaintiff and "non-forensic opinions they form in the course of such treatment," but argues they should be precluded from giving opinions beyond the treatment provided. (Def. Brief [15-1] at 5-6). The Court in general agrees but comes to the result by a somewhat different route.

Wal-Mart cites this Court's ruling by Judge Shields in *Smith v. Bankers Life and Casualty Co.*, 2008 WL 2845080 at *4-5 (S.D. Iowa 2008), for the proposition that a treating physician may testify about what the physician saw, did, and why, but may not

3

give opinions about causation, prognosis, or the future impact of injury without a Rule 26(a)(2)(B) expert report. *Smith* quoted language in *Griffith v. Northeast Illinois Reg. Commuter R.R. Corp.*, 233 F.R.D. 513, 517-18 (N.D. Ill. 2006), that "when the testimony of a treating physician goes beyond the scope of treatment, observation and diagnosis, and includes opinions on causation, prognosis or the future impact of the injury, the treating physician must provide a [Rule 26(a)(2)(B)] report . . . ." 2008 WL 2845080 at 4. Judge Shields went on to say that a treating physician may give opinion testimony within the scope of the patient's care and treatment and "may testify about information which is related to and learned through actual treatment of the patient, and which is based on his or her personal knowledge of the examination, diagnosis and treatment." *Id.* at 5 (citing *Mangla v. Univ. of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996)).[1]

Treating physicians are both fact witnesses and, by virtue of their education, training and experience, experts. In the ordinary course of treating and advising a patient they often must form opinions about the patient's medical condition and future needs. *Smith* and *Griffith* are part of a line of cases which try to fix a point at which a treating physician who has not been retained

---

[1] In *Smith* Judge Shields held that a treating psychologist would "not be permitted to give opinions regarding causation, prognosis or anything beyond what he factually determined as part of any evaluation and treatment of Smith." 2008 WL 2845080 at *7.

4

or specially employed to give expert testimony should be treated as a retained expert for the purposes of the Rule 26(a)(2)(B) report requirement. That point usually comes when the physician's opinions are seen as exceeding the scope of treatment. The reasons for requiring a report for treating physician opinions seen as beyond the scope of treatment are to effectuate the purpose of the report requirement to give fair notice of opinion testimony and time for the opponent to prepare, and to recognize that as attorneys discuss the case with their injured client's doctor, the doctor may be asked to give opinions for the purpose of the litigation beyond those determined at the time of treatment. *See Meyers v. National R.R. Passenger Corp.*, 619 F.3d 729, 734-35 & n.3 (7th Cir. 2010).

It is sometimes difficult, however, to tell where the line should be drawn. *See* 6 *Moore's Federal Practice* § 26.23[2][b][iii] at 26-112 (3d ed. 2010). A *per se* rule excluding certain kinds of opinions in the absence of a report sweeps too broadly. An example will illustrate. If in the course of treatment a physician explains to the patient "the impact of your head hitting the sidewalk caused a brain injury which is permanent; the best we can do is put you in a therapy program to maximize your functioning," the Court would be hard pressed to exclude such testimony as opinions about causation, prognosis or future impact of injury beyond the scope of the physician's ordinary treatment.

As the Advisory Committee's notes indicate, the summary disclosure provision in new subdivision (a)(2)(C) is intended to resolve the "tension" which, as in the case of treating physicians, led some courts to require Rule 26(a)(2)(B) reports of non-retained experts excepted from the report requirement by the plain language of the rule. Now a summary of the non-retained expert's facts and opinions to be presented under Fed. R. Evid. 702, 703, or 705 must be disclosed where before no disclosure of the non-retained expert's opinions was required. To the extent the approach taken by *Smith*, *Griffith* and like cases would require a report from a non-retained treating physician they appear to have been overtaken by the 2010 amendments to Rule 26. However, the analysis in these cases may retain vitality in determining the scope of a treating physician's opinion testimony when a Rule 26(a)(2)(C) summary has not been disclosed.

The present dispute comes at a time of transition to the new rule. In the absence of Rule 26(a)(2)(C) summaries, the opinion testimony of treating physicians Whetro and Major will be limited to the subject matter of their treatment as disclosed in the medical records and to opinions formed in the course of the treatment provided by them. At this point the Court does not know enough about the treating physicians' testimony to set the metes and bounds. It is thus premature to exclude any testimony.

The Court will grant Wal-Mart's requested alternative relief with respect to an extension of time for it to make its expert witness disclosures. The time for Wal-Mart to disclose its experts in compliance with Fed. R. Civ. P. 26(a)(2) is extended to **February 28, 2011**. The discovery deadline with respect to the depositions of experts only is extended to **March 28, 2011**. The final pretrial and trial dates remain as previously set.

Plaintiff's motion for extension of time regarding expert designation [14] **granted.** Defendant's motion to exclude plaintiff's experts [15] **denied without prejudice** to subsequent proceedings to determine the permissible scope of treating physical therapist/physician testimony. Defendant's alternative request for relief **granted** to extend defendant's expert disclosure deadline as above.

IT IS SO ORDERED.

Dated this 4th day of February, 2011.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE